# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN C. BARNETT,** | NO. 1:09-CV-2009 AWI-GSA |
| **Plaintiff,** | |
| **v.** | ORDER VACATING HEARINGS, DENYING MOTIONS AS MOOT, AND CLOSING CASE |
| **AMERICA'S SERVICING COMPANY; OCWEN LOAN SERVICING; AXIOM FINANCIAL SERVICES; NDEX WEST, LLC, HSBC BANK USA, NA EQUIFIRST CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;OAKTREE MORTGAGE; SCOTT IVAN HANSON; CHRISTIAN RICHARD BECK; AND DOES 1-20, inclusive,** | (Doc. Nos. 6, 9, 10, and 13 ) |
| **Defendants.** | |

Defendants filed Motions to Dismiss and a Motion to Strike. None of the Defendants have filed an answer in this case. The motions are set for hearing on March 1, 2010. On February 12, 2010, Plaintiff filed an Amended Complaint.

Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995). A motion to strike is not a "responsive

pleading" within the meaning of Rule 15.  See Niefeld v. Steinberg, 438 F.2d 423, 425 n.3 (3d Cir. 1971); Phillips v. Borough of Keyport, 179 F.R.D. 140, 145-46 (D. N.J. 1998).  Thus, where a motion to dismiss and/or a motion to strike is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court.  See Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3; Niefeld, 438 F.3d at 425 n.3.  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, since no responsive pleadings and no prior amended complaints have been filed, Plaintiff was entitled to file his amended complaint as a matter of course under Rule 15(a).  The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent.  Since Defendants' motions attack Plaintiff's original and now "non-existent" complaint, Defendants' motions are now moot.

Additionally, the basis of the Court's subject matter jurisdiction was the presence of a federal question.  See Complaint at ¶ 1.  The amended complaint, however, omits any allegation regarding the Court's subject matter jurisdiction and also no longer alleges any federal causes of action.[1]  In other words, Plaintiff has dropped all of his federal claims.  All that remains in the active complaint are state law claims.  See First Amended Complaint.  Since the amended complaint contains no federal claims, "there [are] no claims to which the state claims could be supplemental."  Wellness Cmty. Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995); see Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007).  The Court no longer sees a basis for jurisdiction; dismissal of the complaint is appropriate.  See Pintando, 501 F.3d at 1243-44; Wellness Cmty, 70 F.3d at 50; Boelens v. Redman Homes, Inc., 759 F.2d 504, 506-08 (5th Cir. 1985); cf. 28 U.S.C. § 1367(c)(3); Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

---

[1] The court notes that there has never been any allegation of diversity jurisdiction.

2

Accordingly, IT IS HEREBY ORDERED that:

1. The March 1, 2010 hearings are VACATED;
2. All pending motions are denied as MOOT; and
3. This case is dismissed without prejudice to refiling in state court; and
4. The Clerk shall CLOSE the case.

IT IS SO ORDERED.

**Dated:     February 22, 2010**                             /s/ Anthony W. Ishii
                                                                                  CHIEF UNITED STATES DISTRICT JUDGE